FILED

GARY S. CASSELMAN, ESQ. (SBN 81658)
**LAW OFFICES OF GARY S. CASSELMAN**
3415 South Sepulveda Boulevard, Suite 100
Los Angeles, California 90034
☎ (310) 314-4444 Fax (310) 314-4447
email: gary.casselman2@verizon.net

2008 OCT 28 PM 3:29

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY ______________

Attorneys for Plaintiff, JAMES (JIM) OWENS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RSWL

| | |
|---|---|
| JAMES (JIM) OWENS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, DEPUTY MARTINEZ; DEPUTY SHESHIRE, DOES 1-10, inclusive<br><br>Defendants. | **CASE NO.** CV08-07116(Ex)<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) 42 U.S.C. § 1983: Unreasonable seizure<br>(2) 42 U.S.C. § 1983: Failure to Supervise (*Larez*)<br>(3) 42 U.S.C. § 1983: Failure to Train and/or Supervise: (*City of Canton*)<br>(4) 42 U.S.C. § 1983: Municipal Liability (*Monell*)<br>(5) Battery - State Tort<br>(6) Intentional Infliction of Emotional Distress - State Tort<br>(7) Violation of Civil Rights (Civil Code § 52.1(b) - State Tort<br>(8) Negligence (Civil Code § 1714, Gov. Code § 820.4) - State Tort<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JAMES (JIM) OWENS, for causes of action against defendants, and each of them, allege:

**GENERAL ALLEGATIONS**

1. Jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and 1343.

2. Venue properly lies in the Central District of the United States District Court of California as all the events described herein occurred in the County of Los

Angeles, City of Lawndale. Therefore, venue lies in the Central District of California. (28 U.S.C. § 1391(b)(2)).

3. This is a complaint for money damages by plaintiff arising under United States Code, Title 42, Sections 1983 and 1988 for redress of deprivation under color of law of his rights, privileges and immunities secured by said statutes, and by the Fourth and Fourteenth Amendments to the United States Constitution and under the laws and Constitution of the State of California.

4. At all times herein mentioned, plaintiff JAMES (JIM) OWENS was a citizen of the United States, residing in the City and County of Los Angeles and the State of California, within the Central Judicial District of this Court.

5. The true names and/or capacities of all defendants are currently unknown to plaintiff, who sues said defendants by fictitious names as DOES 1 through 10. When the true names and/or capacities of said fictitiously named defendants are ascertained, plaintiff will seek leave to amend the complaint accordingly.

6. Plaintiff alleges hat each defendant, designated by his/her true name or fictitiously named is responsible in some manner for the injuries, damage or harm herein alleged.

7. Defendant COUNTY OF LOS ANGELES, at all time material herein was a municipal corporation duly organized and existing as such under the laws of and in the State of California and County of Los Angeles.

8. At all times material herein, defendant Deputy MARTINEZ and defendant Deputy SHESHIRE and other currently unidentified members of the Los Angeles County Sheriffs Department, Lennox Station were duly appointed, qualified and acting as police officers employed by defendant COUNTY OF LOS ANGELES and at all times material herein, said defendants were acting in the course and scope of such employment and under color of state law as Los Angeles County Deputy Sheriffs.

9. At all times material herein, defendants, and each of them, were acting as the

employees, agents, representatives, and officers of every other defendant herein, and within the course and scope of such employment and agency.

**FIRST CLAIM FOR RELIEF**

BY PLAINTIFF AGAINST DEFENDANTS

MARTINEZ, SHESHIRE and DOES 1-5

FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983): Unreasonable Seizure

10. Plaintiff repeats and realleges the allegations of paragraphs 1 through 10 as though set forth herein.

11. On December 15, 2007, at or about 11:40 p.m. plaintiff James (Jim) Owens observed two uniformed deputy Los Angeles County Sheriffs, later identified as defendants Deputy MARTINEZ and DEPUTY SHESHIRE drive their marked patrol vehicles slowly east on 169th Street, with their headlights off in the City of Lawndale, County of Los Angeles, stopping at the residence of plaintiff James (Jim) Owens.

12. Plaintiff was briefly outside the residence, located at 4147 169th Street, retrieving an address book at his girlfriend's request from her car which was parked directly in front of the house.

13. Without any probable cause, reasonable suspicion or other lawful justification, defendants MARTINEZ and SHESHIRE shone their Sheriff's vehicle spotlight upon plaintiff's face/eyes.

14. Plaintiff was then detained by defendants without reasonable suspicion; he was ordered by one or more of the defendant deputies to put his hands up and turn around.

15. One of the deputies who had exited his vehicle seized plaintiff by pulling his hands behind his back, gripping plaintiff's hands and thumbs together.

16. Plaintiff asked the deputies what was going on and was told only "officer safety."

17. Plaintiff then called out for his girlfriend, who was still inside the house, to come out.

18. Plaintiff's then girlfriend (and current wife) quickly came out of the house in her bathrobe and observed the events set forth herein.

19. Defendant deputies rudely and unprofessionally then told plaintiff to "shut up" and that he was "causing a disturbance."

20. Plaintiff again asked the deputies what was going on and was again provided the evasive non-response "officer safety".

21. Plaintiff had a sore knee for which he had recently seen a doctor for the first time. He asked and cautioned defendants not to touch his left knee advising that he had just received an injection.

22. Defendant deputy Martinez squeezed plaintiff's hands and proceeded to brutally kick plaintiff's legs apart.

23. Plaintiff was wearing slippers and had no traction against the ground surface. Plaintiff felt defendant's kick and experienced major pain in his knee.

24. Defendant deputy Martinez then proceeded to pat plaintiff down. During the course of the pat down, defendant Martinez continued to injure plaintiff by hitting on plaintiff's sore knee very hard while verbally mocking plaintiff about his knee.

25. While defendant Martinez continued to physically touch and hold plaintiff , plaintiff was pulled backwards by the shoulders very fast and ordered to get into the patrol vehicle.

26. Plaintiff told the deputy that his knee would not bend.

27. Defendant Martinez placed his hand on plaintiff's chest and pushed plaintiff into the vehicle, while continuing to verbally mock plaintiff, stating to plaintiff "now you are in."

28. The aforesaid violation of plaintiff's Fourth Amendment rights was done in full view and/or the sensory perception of defendant SHESHIRE, who had the

obligation to act to prevent these gratuitous unlawful acts, but did nothing to stop it or rein in defendant MARTINEZ.

29. Defendant Martinez shut the vehicle door, got in to the front seat and asked plaintiff's name for the first time.

30. Plaintiff gave defendant his name as Jim Owens and told the deputies that his birth name was James.

31. Plaintiff told defendant he did not have any warrants and that his girlfriend worked for the City of Redondo Beach.

32. Approximately five minutes went by and defendant told plaintiff that there were no warrants for his arrest.

33. The other defendant deputy, who had stayed outside questioning plaintiff's girlfriend and making small talk to her about the inadequacies of computers in County Sheriff's cars, opened the door to the police car and let plaintiff out.

34. Plaintiff was unable to exit the vehicle unassisted due to severe pain, caused by defendants and was helped out by his girlfriend as defendants stood by without helping.

35. The defendant deputies departed the scene without so much as an explanation or apology for plaintiff's seizure, leaving plaintiff pained and shocked at this misconduct.

36. Plaintiff continued to experience severe and debilitating pain in his knee following the seizure by defendants and sought medical treatment.

37. A torn meniscus was diagnosed resulting from defendants' completely unnecessary and excessive force, requiring surgery.

38. Plaintiff required medical services and incurred expense therefor in an amount to be shown according to proof.

39. James (Jim) Owens suffered general damages for pain and suffering, in an amount to be shown according to proof.

40. There was no warrant, reasonable suspicion or probable cause to seize, detain

or arrest Mr. Owens.

41. Any use of force upon plaintiff was unreasonable, unnecessary, excessive and gratuitous.

42. Plaintiff James (Jim) Owens offered no resistance and was completely cooperative at all times. His Fourth Amendment right against unreasonable search and seizure was thereby violated by defendants.

**SECOND CLAIM FOR RELIEF**

BY PLAINTIFF AGAINST DEFENDANTS

DEFENDANTS MARTINEZ, SHESHIRE, DOES 2-5

FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983): Failure to Supervise (*Larez*)

43. Plaintiff realleges paragraphs 1 through 42 as though fully set forth herein.

44. Defendants DOES 2-5 and each of them had a supervisory function over their subordinate deputy defendants MARTINEZ and SHESHIRE, who also had a duty to monitor and supervise each other to protest, prevent and truthfully report unlawful or unreasonable conduct by other deputies in their presence.

45. Defendant DOES 2-5 were supervisors regarding the conduct of the individual deputy sheriffs who seized, detained, arrested plaintiff JAMES (JIM) OWENS and failed to meaningfully inquire or require justification for the unlawful seizure and obviously excessive force used on plaintiff.

46. These defendants were supervisors and had actual or constructive knowledge that his/their subordinate(s) was/were engaged in conduct and likely to engage in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff JAMES (JIM) OWENS.

47. All defendants' responses to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices.

48. There is an affirmative causal link between the supervisor's inaction and the

particular constitutional injury suffered by the Plaintiff. By doing affirmative acts, participating in their subordinates' affirmative acts, and/or omitting to perform acts which they were legally required to do the Defendants caused the deprivation of Plaintiff's civil rights secured to them by the various amendments to the U.S. Constitution.

**THIRD CLAIM FOR RELIEF**

42 U.S.C. § 1983: Failure to Train and/or Supervise: (*City of Canton*)

by Plaintiff JAMES (JIM) OWENS

Against DEFENDANT COUNTY

49. Plaintiff realleges and incorporate by reference, each allegation of paragraphs 1 through 48.

50. Plaintiff alleges that Defendant COUNTY has an unconstitutional practice, custom and/or procedure of inadequately training and retraining its employees, including, but not limited to Sheriff Deputies such as defendants Martinez and Sheshire in the legal and ethical standards required of police officers.

51. Plaintiff alleges that the Defendant COUNTY has an unconstitutional practice, custom and/or procedure of inadequately training and supervising its employees, including but not limited to immature and/or psychologically unfit deputy sheriffs, such as defendants MARTINEZ and SHESHIRE, to ensure that they do not engage in misconduct such as unlawful seizures and use of excessive force against citizens.

52. Plaintiff alleges that Defendant COUNTY has an unconstitutional practice, custom and/or procedure of failing to ensure that persons hired are immediately given adequate training and supervision and thereafter subject to review and adequate supervision and retraining to ensure accuracy and honesty of their reports, findings and conclusions.

53. Plaintiff alleges that the purported investigation of personnel complaints and/or Government Tort Claims against deputy sheriffs is non-existent, perfunctory

or a sham, inconsistent with the intended purpose of each.

54. Plaintiff alleges that the effect of the COUNTY's failure to take remedial steps such as disciplining or discharging its employees who engage in police misconduct, which have been reversed for cause on appeal and/or failing to take any remedial action when police misconduct results in adverse civil settlements, verdicts or judgments, results in ratification, endorsement and encouragement of constitutional violations as a custom and practice of the COUNTY OF LOS ANGELES.

55. The failure on the part of the Defendant COUNTY to carefully train, supervise, discipline and, when necessary, discharge its employees amounts to deliberate indifference to the rights of persons who they contact, investigate, seize and/or arrest or alternatively such reckless and/or callous disregard for the probable injuries to the civil rights of such persons as to constitute deliberate indifference.

56. The lack of adequate screening, training, supervision, discipline, led to the retention of unsuitable employees, such as defendants MARTINEZ and SHESHIRE and this dereliction actually caused injuries and harm to Plaintiff.

57. Plaintiff alleges that the consequence of the Defendant COUNTY's failure to adequately train, supervise and discipline its employees was a continuous course of failure and/or refusal to properly investigate the reasons for the unlawful seizure and use of excessive force upon Plaintiff JAMES (JIM) OWENS.

58. The failure on the part of the Defendant COUNTY to carefully and adequately screen, train, supervise, discipline, and when necessary discharge its employees amounts to deliberate indifference to the rights of persons who are or may be detained, seized, arrested.

59. The lack of adequate training, supervision and discipline actually caused injuries and harm to Plaintiff according to proof.

**FOURTH CLAIM FOR RELIEF**

BY ALL PLAINTIFFS AGAINST DEFENDANT COUNTY

42 U.S.C. § 1983: Municipal Liability (*Monell)*

60. Plaintiff realleges and incorporate by reference, each allegation of paragraphs 1 through 59.

61. Plaintiff allege that the Defendant COUNTY has an unconstitutional custom, policy, practice or procedure of hiring unqualified personnel to work for the Sheriff's department and that the selection process for hiring personnel for that office was not based on merit or knowledge but rather on other factors which did not accurately reflect the qualifications of the hiree.

62. Plaintiffs further allege that the Defendant COUNTY has a policy or custom of failing to adequately train, supervise, retrain or discipline its errant officers.

63. Plaintiffs further allege that the Defendant COUNTY has a custom or practice of retaining police officers who make false and misleading statements, writing false and misleading reports, particularly regarding the facts about the cause of injuries to persons or property subject to search.

64. Defendant COUNTY's policies or customs caused the specific violations of Plaintiff's constitutional rights at issue in this case.

65. Defendant COUNTY's policies and/or customs were the moving force and/or affirmative link behind the violation of the Plaintiff's constitutional rights and injury, damage and/or harm caused thereby.

**FIFTH CLAIM FOR RELIEF**

BY PLAINTIFF AGAINST

DEFENDANTS MARTINEZ AND SHESHIRE

FOR BATTERY

66. Plaintiff realleges and incorporates by reference, each allegation of paragraphs 1 through 65.

67. Plaintiff has complied with California Government Code § 910, et al. by timely

filing of his claim and this lawsuit.

68. Defendant Martinez battered plaintiff JAMES (JIM) OWENS by physically touching and harming plaintiff without consent or legal justification.

69. As a result of the battery of plaintiff by defendant, plaintiff suffered injury, damage and harm according to proof.

**SIXTH CLAIM FOR RELIEF**

BY PLAINTIFF AGAINST

DEFENDANTS COUNTY, MARTINEZ AND SHESHIRE

FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiffs re-allege and incorporate by reference, each allegation of paragraphs 1 through 69.

71. The acts of defendants were undertaken with the intent or in reckless or conscious disregard for the high probability that in conducting themselves as aforesaid that plaintiff would be highly likely to suffer severe and extreme emotional distress.

72. Plaintiffs were thereby caused injury, damage or harm according to proof.

**SEVENTH CLAIM FOR RELIEF**

BY PLAINTIFF AGAINST

DEFENDANTS COUNTY, MARTINEZ, SHESHIRE and DOES 1-5

FOR VIOLATION OF CIVIL RIGHTS: Civil Code § 52.1(b)

73. Plaintiffs reallege and incorporate by reference, each allegation of paragraphs 1 through 72.

74. Defendants and each of them violated plaintiff's constitutional rights to be free of unreasonable search and seizure and/or violence from defendants.

75. By means of threats, intimidation and/or coercion, defendants, armed and uniformed deputy Sheriffs interfered with and/or violated federal or state laws, including but not limited to plaintiff's constitutional rights under both the United States and the California Constitution in violation of California Civil

Code § 52.1(b).

76. Defendants and each of them threatened, coerced and/or intimidated plaintiff in the exercise of his constitutional rights to be free from unreasonable seizures through unlawful assertion of police authority and power displayed by their uniform, badge and weapons; in the unlawful seizure of plaintiff, in coercing plaintiff to submit to their authority, in the use of force against plaintiff and in the verbal intimidation of plaintiff.

77. Plaintiff was thereby caused injury, damage or harm according to proof.

**EIGHTH CLAIM FOR RELIEF**

BY PLAINTIFF AGAINST

DEFENDANTS MARTINEZ, SHESHIRE AND DOES 1-5

FOR NEGLIGENCE (Civil Code § 1714, Government Code § 820.4)

78. Plaintiffs re-allege and incorporate by reference, each allegation of paragraphs 1 through 77.

79. For purposes of this cause of action *only*, the aforesaid acts of defendants and each of them are deemed to sound in negligence.

80. Defendants and each of them had a constitutional, legal and moral duty not to use excessive or unreasonable force against plaintiff and/or not to unreasonably interfere with plaintiff's right to be free of unreasonable seizures.

81. Defendants and each of them knew or in the exercise of reasonable care should have known that they could further injure plaintiff through careless behavior as well as intentional or reckless acts and had a duty to refrain from such conduct, particularly since defendants exercised control over plaintiff during the seizure/detention of plaintiff, and plaintiff specifically told defendants about his sore knee for which he recently received treatment.

82. Defendants and each of them breached their aforesaid duties to plaintiff by the acts and omissions hereinabove alleged, causing physical and emotional harm to plaintiff.

83. Plaintiff suffered injury, damage and harm according to proof from the negligence of defendants and each of them.

**WHEREFORE**, Plaintiff prays for the following relief:

1. For compensatory damages against Defendants in an amount according to proof.

2. For special damages against Defendants in an amount according to proof.

3. For exemplary damages against the individual Defendants.

4. For costs and reasonable attorneys fees incurred in this action pursuant to 42 U.S.C. § 1988, which provides for such fees in an action or proceeding to enforce a provision of 42 U.S.C. §§ 1983.

5. For costs and reasonable attorneys fees incurred in this action pursuant to California Civil Code § 52.1(b), which provides for such fees in an action or proceeding to enforce plaintiffs' federal or state constitutional and statutory rights.

6. For such further relief as this court deems proper and just.

DATED: October 28, 2008

LAW OFFICES OF
GARY S. CASSELMAN

BY: [signature]
GARY S. CASSELMAN
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury

DATED: October 28, 2008

LAW OFFICES OF
GARY S. CASSELMAN

BY: [signature]
GARY S. CASSELMAN
Attorneys for Plaintiffs