L. TREVOR GRIMM, ESQ.
State Bar No. 186801
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Email: ltg@mmker.com

Attorneys for Defendants
COUNTY OF LOS ANGELES, CHRISTINA
MARTINEZ and CASEY CHESHIER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES (JIM) OWENS,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, DEPUTY MARTINEZ, DEPUTY SHESHIRE, DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Case No.: CV08-07116 DSF<br><br>**ANSWER OF COUNTY OF LOS ANGELES, CHRISTINA MARTINEZ and CASEY CHESHIER TO COMPLAINT; DEMAND FOR JURY TRIAL** |

Comes now, defendants COUNTY OF LOS ANGELES, CHRISTINA MARTINEZ and CASEY CHESHIER, answering plaintiff's COMPLAINT on file herein, admit, deny and allege as follows:

1.　Answering paragraph(s) 1, 2, 7, 80, these defendants admit the allegations contained therein.

2.　Answering paragraph(s) 3 and 5, no factual allegations are made therein, and on that basis the paragraphs unanswered.

3.　Answering paragraph(s) 4, 6, 11, 12, 13, 16, 20, 23, 26, 30, 31, 32, 33, 34, 36, 37, 38, 39, 42, 44, 45, 46, 47, 48 and 83, these defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis

deny the allegations.

4. Answering paragraphs 8, 9, 14, 15, 17, 18, 21, and 35, these defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations, except for the following allegations which are admitted:

Christina Martinez, 471267 (Lennox Station), and Casey Cheshier, 473573 (Lennox Station), were acting in the course and scope of their employment and under color of law as Los Angeles County Sheriff's Deputies at the time they encountered plaintiff Owens.

Christina Martinez, 471267 (Lennox Station), and Casey Cheshier, 473573 (Lennox Station), were acting as employees and deputies with the Los Angeles County Sheriff's Department and were acting in the course and scope of their employment with the Los Angeles County Sheriff's Department at the time they encountered plaintiff Owens.

Plaintiff Owens was detained.

A deputy got out of his car and detained plaintiff Owens.

Plaintiff Owens called out to someone.

A female was present for part of the encounter with plaintiff Owens.

Plaintiff Owens mentioned something about one of his knees.

Deputies left the scene of their encounter with plaintiff Owens.

5. Answering paragraph(s) 10, 43, 49, 60, 66, 70, 73, and 78, which incorporates by reference the allegations of other paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

6. Answering paragraph(s) 19, 22, 24, 25, 27, 28, 29, 40, 41, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 68, 69, 71, 72, 74, 75, 76, 77 and 82, these defendants deny the allegations contained therein.

G:\docsdata\ltg\Cases\Owens\Pleadings\Answer.wpd

7. Answering paragraph(s) 67, on information and belief, plaintiff Owens timely filed a government tort claim and timely filed a complaint.

8. Answering paragraph(s) 79, the phrase "deemed to sound in negligence" is vague and ambiguous, and answering defendants do not understand its meaning. However answering defendants deny they acted negligently.

9. Answering paragraph(s) 81, these defendants deny the allegations contained therein, except for the following allegations which are admitted:

One or more answering defendants was told something about one of plaintiff Owens' knees.

10. Answering paragraph(s) 1 through 6 of Plaintiff Owens' Prayer For Relief, it is admitted that plaintiff Owens is seeking the damages, fees and relief set forth therein. However, it is denied that plaintiff Owens is entitled to any such damages, fees or relief.

### FIRST AFFIRMATIVE DEFENSE

11. The complaint fails to state a cause of action against defendants COUNTY OF LOS ANGELES, CHRISTINA MARTINEZ and CASEY CHESHIER.

### SECOND AFFIRMATIVE DEFENSE

12. At the time and place of the occurrence alleged in the complaint, plaintiff failed to exercise ordinary care on his own behalf for his own safety. That negligence caused the injury and damage, if any, that he sustained. Consequently, plaintiff's right to recover should be diminished by his proportional share of fault.

### THIRD AFFIRMATIVE DEFENSE

13. Defendants' liability for non-economic damages, if any, is limited to that percentage of those damages which are in direct proportion of defendants' percentage of fault in accordance with Civil Code section 1431.2(a).

### FOURTH AFFIRMATIVE DEFENSE

14. Plaintiff's cause of action for negligence is barred or his recovery should be diminished because the alleged damage was caused by the plaintiff's failure to exercise ordinary care on his own behalf for his own safety.

### FIFTH AFFIRMATIVE DEFENSE

15. Plaintiff has failed to mitigate the damages, if any, which plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### SIXTH AFFIRMATIVE DEFENSE

16. Plaintiff's cause of action for negligence is barred or plaintiff's recovery should be reduced because any injuries or damages were proximately caused by the negligence and other legal fault of persons or entities other than defendants.

### SEVENTH AFFIRMATIVE DEFENSE

17. At all times pertinent to the complaint, defendants did not have any knowledge of any peculiar susceptibility of plaintiff to damage or injury from emotional distress. Plaintiff's complaint seeks damages for injuries for emotional distress with which a reasonable person, normally constituted, would have been able to adequately cope.

### EIGHTH AFFIRMATIVE DEFENSE

18. The causes of action alleged in the complaint are barred by the applicable statutes of limitations, including, but not limited to the provisions of Code of Civil Procedure sections 335.1, 337, 337.1, 337.15, 338(a), 338(b), 338(d), 339, 340(3) and/or

343, Insurance Code section 11580.2(g).

### NINTH AFFIRMATIVE DEFENSE

19. Plaintiff's recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to, Government Code sections 901, 905, 905.2, 911.2, 945.4 and/or 946.6.

### TENTH AFFIRMATIVE DEFENSE

20. The plaintiff's recovery is barred because public entities and employees are immune from liability for any act or omission while exercising due care in the execution or enforcement of any law.

### ELEVENTH AFFIRMATIVE DEFENSE

21. The complaint fails to set forth facts sufficient to constitute a cause of action for punitive damages because a public entity is immune from liability for damages awarded under Civil Code section 3294 or other damages imposed primarily for the sake of example and by way of punishing the defendants.

### TWELFTH AFFIRMATIVE DEFENSE

22. The complaint fails to set forth facts sufficient to constitute a cause of action for punitive damages because a peace officer is not liable for punitive damages absent clear and convincing proof of malice, oppression or reckless disregard for plaintiff's rights.

### THIRTEENTH AFFIRMATIVE DEFENSE

23. The plaintiff's claim for emotional distress is barred because defendants had no knowledge of plaintiff's susceptibility to emotional distress and plaintiff alleged no more than that which a reasonable person would have been able to adequately cope.

G:\docsdata\ltg\Cases\Owens\Pleadings\Answer.wpd

## FOURTEENTH AFFIRMATIVE DEFENSE

24. The plaintiff's claim under the Federal Civil Rights Act is barred because common law causes of action do not constitute cognizable claims under 42 U.S.C. § 1983.

## FIFTEENTH AFFIRMATIVE DEFENSE

25. The plaintiff's claim under the Federal Civil Rights Act is barred because the complaint fails to allege facts that go beyond mere tortious conduct and rise to the dignity of a civil rights violation.

## SIXTEENTH AFFIRMATIVE DEFENSE

26. The County of Los Angeles, a public entity cannot be liable for negligence absent a specific statutory basis.

## SEVENTEENTH AFFIRMATIVE DEFENSE

27. Defendants County of Los Angeles, a governmental entity, is immune from liability for negligence absent a specific statutory provision.

## EIGHTEENTH AFFIRMATIVE DEFENSE

28. The peace officer defendants are immune from liability for plaintiffs' federal civil rights claims based upon qualified immunity because they did not violate plaintiffs' constitutional rights, and even if plaintiffs' rights were violated, they were not clearly established at the time such that a reasonable peace officer would know his or her actions were wrongful.

/
/
/
/

G:\docsdata\ltg\Cases\Owens\Pleadings\Answer.wpd

WHEREFORE defendants COUNTY OF LOS ANGELES, CHRISTINA MARTINEZ and CASEY CHESHIER pray that plaintiff take nothing by this action and that defendants COUNTY OF LOS ANGELES, CHRISTINA MARTINEZ and CASEY CHESHIER be awarded costs and all other just relief.

Dated: February 13, 2009

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
L. TREVOR GRIMM, ESQ.

Attorneys for Defendants,
COUNTY OF LOS ANGELES,
CHRISTINA MARTINEZ and
CASEY CHESHIER

## DEMAND FOR JURY TRIAL

Defendants COUNTY OF LOS ANGELES, CHRISTINA MARTINEZ and CASEY CHESHIER hereby demand trial of this matter by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated: February 13, 2009

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
L. TREVOR GRIMM, ESQ.

Attorneys for Defendants,
COUNTY OF LOS ANGELES,
CHRISTINA MARTINEZ and
CASEY CHESHIER

G:\docsdata\ltg\Cases\Owens\Pleadings\Answer.wpd