L. Trevor Grimm, State Bar No. 186801
Michelle B. Ghaltchi, State Bar No. 242482
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Email: ltg@mmker.com, mbg@mmker.com

Attorneys for Defendants
COUNTY OF LOS ANGELES, DEPUTY CRISTINA MARTINEZ, DEPUTY CASEY CHESHIER and DEPUTY ADAM PRUITT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES (JIM) OWENS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, DEPUTY MARTINEZ, DEPUTY SHESHIRE, DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: CV08-07116 DMG<br><br>**DECLARATION OF ADAM PRUITT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION OF ISSUES**<br><br>Trial Date:　October 4, 2010<br>PTC Date:　September 27, 2010 |

I, Adam Pruitt, declare as follows:

1. I am a defendant named in the above-entitled lawsuit. The following facts are of my personal knowledge, and if called as a witness, I could competently testify thereto.

2. I have been employed by the Los Angeles County Sheriff's Department ("LASD") since October 1999.

3. In December 2007, I was assigned as a Deputy to Lennox Station and currently hold that same position.

4. On December 15, 2007, at shortly after 11:00 p.m., Los Angeles County Sheriffs Department Lennox Station dispatch received a call from a resident of 4109

1

169th St. in Lawndale regarding suspicious males out in the street.

5. Along with Deputy Cheshier, I responded to this call for service.

6. I believe that my actions, as well as those of Deputy Cheshier and Deputy Martinez, during this encounter were reasonable and justified under the circumstances and did not violate any clearly established law.

7. At some point after this encounter, I was contacted by Lieutenant Bearse as part of an investigation of a citizen complaint arising out of this incident. Pursuant to his request, I prepared a memorandum regarding my involvement and observations. Attached hereto and incorporated by reference as Exhibit A is a true and correct copy of my correspondence to Lt. Bearse dated December 28, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ___th day of July, 2010, at Los Angeles, California.

_____
Adam Pruitt

EXHIBIT "A"

761551N25A - SH-AD-32A (2/72)

## COUNTY OF LOS ANGELES
## SHERIFF'S DEPARTMENT
"A Tradition Of Service"

DATE: 12/28/07

OFFICE CORRESPONDENCE

FILE NO.:

FROM: DEPUTY A. PRUITT #466357    TO: LIEUTENANT P. BEARSE 253703

SUBJECT: 12-15-07 2336 HOURS TAG 163

ON 12/16/07 AT APPROXIMATELY 2336 HOURS I RESPONDED TO ASSIST UNIT 35 REGARDING A CALL OF SUSPICIOUS PERSONS ON THE 4100 BLOCK OF 169TH ST.

UPON ARRIVING AT THE LOCATION I SAW A MALE (LATER IDENTIFIED AS JAMES OWENS) LEANING INTO THE OPEN DRIVER SIDE DOOR OF A VEHICLE PARKED ALONG THE NORTH CURB LINE OF 169TH ST. I SAW NO OTHER PERSONS ON THE 4100 BLOCK OF 169TH ST. AS I EXITED MY VEHICLE, DEPUTY CHESHIER CONTACTED THE MR. OWENS. AS DEPUTY CHESHIER CONTACTED MR. OWENS, HE BEGAN LOUDLY CALLING OUT SOMEONE'S NAME.

DEPUTY CHESHIER CALMED MR. OWENS AND CONDUCTED A PAT DOWN SEARCH OF HIS PERSON FOR WEAPONS. AS DEPUTY CHESHIER STARTED HIS PAT DOWN SEARCH, MR. OWENS STATED TO BE CAUTIOUS OF HIS LEG BECAUSE HE HAD KNEE INJURY. DEPUTY CHESHIER ACKNOWLEDGED MR. OWENS INJURY AND STATED HE WOULD BE CAREFUL NOT TO CAUSE ANY DISCOMFORT DURING OUR CONTACT WITH HIM.

AS DEPUTY CHESHIER ESCORTED MR. OWENS TO HIS VEHICLE, A FEMALE (LATER IDENTIFIED AS MR. OWENS FIANCE, NFD) EXITED THE LOCATION DIRECTLY IN FRONT OF WHERE WE HAD CONTACTED MR. OWENS. I WALKED UP ONTO THE NORTH SIDE WALK AND CONTACTED THE FEMALE. UPON CONTACTING THE FEMALE SHE ASKED WHY WE WERE DETAINING HER FIANCE. I EXPLAINED TO HER THAT WE RECEIVED A CALL REGARDING SUSPICIOUS MALES ON HER STREET AND THAT MR. OWENS WAS THE ONLY PERSON IN THE AREA AND HE WAS LEANING INTO A VEHICLE AS WE ARRIVED.

THE FEMALE STATED THE CALL WE RECEIVED WAS PROBABLY REGARDING HER NEIGHBORS (HOME DIRECTLY WEST) WHO WERE OUTSIDE THEIR HOME BEING LOUD PRIOR TO OUR ARRIVAL.

-2-                                                                                         12/28/07

I ASSURED THE FEMALE THAT MR. OWENS WAS ONLY BEING CHECKED FOR ANY POSSIBLE WARRANTS BY DEPUTY CHESHIER AND WOULD BE RELEASED MOMENTARILY. THE FEMALE STATED SHE UNDERSTOOD WHY WE WERE DETAINING HER FIANCE AND ASSURED ME THAT HE WAS NOT INVOLVED IN ANY ILLEGAL ACTIVITY. THE FEMALE AND I WENT ON TO DISCUSS HER WORK IN REDONDO BEACH, THE FACT THAT HER AND HER FIANCE WERE ABOUT TO WATCH A MOVE, AND THAT SHE USED TO WORK FOR THE COUNTY OF LOS ANGELES. AT NO TIME DID THE FEMALE AGAIN BRING UP MR. OWENS DETENTION.

DEPUTY CHESHIER APPROACHED MYSELF AND THE FEMALE. I TOLD DEPUTY CHESHIER I HAD EXPLAINED TO THE FEMALE WHY WE WERE DETAINING MR. OWENS. THE FEMALE TOLD DEPUTY CHESHIER SHE UNDERSTOOD THE REASON FOR THE DETENTION.

DEPUTY CHESHIER THEN WALKED TO HIS PATROL VEHICLE AND RELEASED MR. OWENS. THE FEMALE AND MR. OWENS WALKED TO THE VEHICLE WHERE DEPUTY CHESHIER HAD ORIGINALLY DETAINED HIM AND RETRIEVED HIS PROPERTY. AS I RETURNED TO MY VEHICLE I AGAIN TOLD MR. OWENS AND HIS FIANCE TO HAVE A GOOD NIGHT AND SORRY ABOUT THE DELAYING THEM FROM WATCHING THEIR MOVIE. THEY BOTH TOLD ME TO HAVE A GOOD NIGHT. I ENTERED MY VEHICLE AND LEFT THE LOCATION WITHOUT INCIDENT.