L. TREVOR GRIMM, ESQ., SBN 186801
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTOR LLP**
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Email: ltg@mmker.com

Attorneys for Defendants
COUNTY OF LOS ANGELES, CHRISTINA
MARTINEZ , CASEY CHESHIER and ADAM
PRUITT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES (JIM) OWENS, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, DEPUTY MARTINEZ, DEPUTY SHESHIRE, DOES 1-10, inclusive, <br><br> Defendants. | Case No.: CV08-07116 DMG (Ex) <br> [*Assigned to Judge Dolly M. Gee; Courtroom 7*] <br><br> **NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE MEDICAL EVIDENCE NOT DISCLOSED BY THE PLAINTIFF IN DISCOVERY OR DURING THE FIRST TRIAL AND EVIDENCE OF THE PLAINTIFF'S PHYSICAL AND MENTAL CONDITION SINCE HIS TESTIMONY AT THE FIRST TRIAL; DECLARATION OF L. TREVOR GRIMM** <br><br> **[*(Proposed) Order Filed Concurrently Herewith*]** <br><br> Trial Date:  February 28, 2012 <br> Time:          8:30 a.m. <br><br> Final PTC:  January 30, 2012 <br> Time:          1:30 p.m. |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on January 30, 2012, 2012 at 1:30 p.m. in

Courtroom 7 of the United States District Court for the Central District of California,

located at 312 North Spring Street, Los Angeles, CA 90012, defendant CASEY CHESHIER will and hereby does move this Court for an order excluding medical evidence not disclosed by the plaintiff in discovery or during the first trial and excluding evidence of the plaintiff's physical and mental condition since his testimony at the first trial. The grounds for this Motion are *Federal Rules of Evidence*, Rules 401 - 403.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities and declaration of L. Trevor Grimm, the pleadings and papers on file with the Court, and upon such argument and evidence, both oral and documentary, as the Court may entertain at the hearing of this Motion.

Counsel for the defendant has emailed and mailed correspondence to plaintiff's counsel outlining the defendant's proposed motions in limine and the bases therefore, and defense counsel has spoken on more than one occasion with plaintiff's counsel, Gary Casselman, in an attempt to obviate the necessity of bringing this motion. However, the parties were unable to agree upon a solution short of motion practice. See Declaration of L. Trevor Grimm, paragraph 5.

Dated: January 9, 2012

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTOR LLP**

By:   /s/ ***L. Trevor Grimm***
L. TREVOR GRIMM
Attorneys for Defendants
COUNTY OF LOS ANGELES, CASEY
CHESHIER, ADAM PRUITT and
CHRISTINA MARTINEZ

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's counsel has indicated, both verbally and in his witness and exhibit lists, that at the upcoming trial he intends to offer witnesses and evidence not disclosed during discovery or introduced at the first trial.  Specifically, the plaintiff will seek to offer evidence regarding his physical and mental condition since he testified at the first trial, and new medical witnesses and evidence regarding the injuries the plaintiff allegedly suffered in the incident at issue in this lawsuit.  All of this new evidence should be excluded pursuant to Federal Rules of Evidence Rule 403.

Rule 403 permits a court to exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Allowing the plaintiff to introduce this new evidence would be highly unfair and prejudicial to the defendant, because the defendant would have been denied the opportunity to prepare to meet this evidence at trial.

Plaintiff's counsel has indicated that all of this evidence is newly-developed since the last trial.  Obviously then, it is completely new to the defendant.  Since the evidence is new, the defendant could not have learned of it through discovery conducted prior to the first trial, or through questioning of the plaintiff and his witnesses at the first trial.  Literally, the defendant and his attorneys will not know what this new evidence is until the moment it is present during the course of the new trial.

Thus the defendant can prepare for this evidence in only the most general of ways.  More critically, the defendant's expert witness – who could, at least in theory, refute the new physical claims that will be contained in this new evidence – will have no meaningful opportunity to prepare any such refutation since he too will not know the nature and details of this new evidence until it is presented at trial.

///

Moreover, plaintiff's counsel has indicated that psychiatric or psycho-logical treatment has occurred post-trial, and that he intends to introduce that evidence also.  However, based upon the discovery completed before the first trial, the defendants chose not to retain a mental health expert.  Now, it appears that someone will be testifying about plaintiff's mental health injuries, and the defendants will not had a chance to discover that evidence before the new trial and will be unable to offer an witness to dispute it.  This alleged mental health injury was not presented at the first trial.  Rather, there was just a garden variety emotional distress claim, supported only by the testimony of the plaintiff and wife, both of whom were testifying as lay witnesses, not as experts.

> "Courts have 'broad discretion' in their control and management of a new trial.  Courts exercise that discretion in deciding whether to allow additional witnesses and relevant proof in the new trial.  That discretion logically extends to making determinations of whether parties may make additional arguments in a new trial or in an appeal of that trial.  Those decisions, and all others, should be guided by 'considerations of fairness and justice to all parties.'"

*CGB Occupational Therapy, Inc. v. RHA Health Servs.,* 499 F.3d 184, 190 fn.2 (3d Cir. 2007); citations omitted.

It would not be fair or just for the defendant to have to attempt to create a response to new witnesses and evidence on the fly in the middle of trial.  Since the defendant has not had the opportunity to conduct discovery as to these new claims, fairness requires that the plaintiff be precluded from ambushing the defendant with this new evidence for the first time at trial.  If, at the first trial, the jury had been asked to determine what, if any, compensatory damages should be awarded to the plaintiff arising from his detention by Deputy Cheshier, those jurors would have had to base their calculation only the evidence presented at the first trial – ***including*** any determination as to whether the plaintiff would suffer future damages, and the nature and extent of any

4

such damages.  It simply is not fair to permit the plaintiff to introduce evidence that the previous jury could not have considered while depriving the defendant of any meaningful opportunity to respond to this new evidence.

Accordingly, the defendant respectfully requests the court to preclude the plaintiff, his counsel, and his witnesses from making any reference to, mention of, or attempting to introduce by any means, medical evidence not disclosed by the plaintiff in discovery or during the first trial or evidence of the plaintiff's physical and mental condition since his testimony at the first trial.

Dated: January 9, 2012                    Respectfully submitted,

                                          **MANNING & KASS**
                                          **ELLROD, RAMIREZ, TRESTOR** LLP

                                    By:   /s/ ***L. Trevor Grimm***
                                          L. TREVOR GRIMM
                                          Attorneys for Defendants
                                          COUNTY OF LOS ANGELES, CASEY
                                          CHESHIER, ADAM PRUITT and
                                          CHRISTINA MARTINEZ

G:\docsdata\ltg\Cases\Owens\New Trial Docs\MIL #3.New Evidence.wpd

### DECLARATION OF L. TREVOR GRIMM

I, L. Trevor Grimm, declare as follows:

1.     I am an attorney at law, admitted to practice before all courts of the State of California, the United States District Court for the Central District of California, and the Ninth Circuit Court of Appeals. I am a partner at Manning & Kass, Ellrod, Ramirez, Trestor  LLP, attorneys of record for defendant CASEY CHESHIER herein. I have personal knowledge as to the truth of the following facts, except those set forth on information and belief, and as to those facts I believe them to be true. If called as a witness, I could and would competently testify to the following.

2.     Plaintiff's counsel has indicated, both verbally and in his witness and exhibit lists, that at the upcoming trial he intends to offer witnesses and evidence not disclosed during discovery or introduced at the first trial.  Specifically, the plaintiff will seek to offer evidence regarding his physical and mental condition since he testified at the first trial, and new medical witnesses and evidence regarding the injuries the plaintiff allegedly suffered in the incident at issue in this lawsuit.

3.     Plaintiff's counsel has indicated that all of this evidence is newly-developed since the last trial.  Obviously then, it is completely new to the defendant. Since the evidence is new, the defendant could not have learned of it through discovery conducted prior to the first trial, or through questioning of the plaintiff and his witnesses at the first trial.  Literally, the defendant and his attorneys will not know what this new evidence is until the moment it is present during the course of the new trial.

4.     The defendant can prepare for this evidence in only the most general of ways.  More critically, the defendant's expert witness – who could, at least in theory, refute the new physical claims that will be contained in this new evidence – will have no meaningful opportunity to prepare any such refutation since he too will not know the nature and details of this new evidence until it is presented at trial.

5.      Moreover, plaintiff's counsel has indicated that psychiatric or psycho-logical treatment has occurred post-trial, and that he intends to introduce that evidence also. However, based upon the discovery completed before the first trial, the defendants chose not to retain a mental health expert. Now, it appears that someone will be testifying about plaintiff's mental health injuries, and the defendants will not had a chance to discover that evidence before the new trial and will be unable to offer an witness to dispute it. This alleged mental health injury was not presented at the first trial. Rather, there was just a garden variety emotional distress claim, supported only by the testimony of the plaintiff and wife, both of whom were testifying as lay witnesses, not as experts.

6.      Since the Court's order of September 7, 2011, I have communicated extensively with plaintiff's counsel, Mr. Casselman, both telephonically and via email correspondence, about the defendant's proposed motions in limine, including this one, and the bases therefor. The communications ranged from months ago through this week. The reason for those communications was, among other things, to attempt to obviate the necessity of bringing this motion. However, the parties were unable to agree upon a solution short of motion practice.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 9th day of January, 2012, at Los Angeles, California.


/s/ *L. Trevor Grimm*
L. TREVOR GRIMM

G:\docsdata\ltg\Cases\Owens\New Trial Docs\MIL #3.New Evidence.wpd