L. TREVOR GRIMM, ESQ., SBN 186801
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTOR LLP**
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Email: ltg@mmker.com

Attorneys for Defendants
COUNTY OF LOS ANGELES, CHRISTINA MARTINEZ, CASEY CHESHIER and ADAM PRUITT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES (JIM) OWENS,<br><br>             Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, DEPUTY MARTINEZ, DEPUTY SHESHIRE, DOES 1-10, inclusive,<br><br>             Defendants. | Case No.: CV08-07116 **DMG** (Ex)<br>[*Assigned to Judge Dolly M. Gee; Courtroom 7*]<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO BIFURCATE ISSUES AT TRIAL; DECLARATION OF L. TREVOR GRIMM**<br><br>[*(Proposed) Order Filed Concurrently Herewith*]<br><br>Trial Date:  February 28, 2012<br>Time:             8:30 a.m.<br><br>Final PTC:   January 30, 2012<br>Time:             1:30 p.m. |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on January 30, 2012 at 1:30 p.m. in Courtroom 7 of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, CA 90012, defendant CASEY CHESHIER will and hereby does move this Court for an order bifurcating issues at trial.

Specifically, defendant seeks to bifurcate the following issues, and have them tried in separate phases in the following order at trial: 1) the amount of compensatory

damages (if any), and a finding by the jury of whether Casey Cheshier's actions satisfy the requisite intent under federal law; and 2) the amount of punitive damages (if any).

The bases for this motion are that while evidence of Casey Cheshier's net worth is probative on the issue of the amount of punitive damages, if, any, it would be unfairly prejudicial and influential upon the jury's decision about the amount of compensatory damages, and upon its finding of whether punitive damages are warranted. Further, conducting the trial in phases may eliminate the need for the presentation of evidence relevant only to the amount of punitive damages, thereby conserving judicial resources and those of the parties and their attorneys.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file with the Court, and upon such argument and evidence, both oral and documentary, as the Court may entertain at the hearing of this Motion.

Counsel for the defendant has emailed and mailed correspondence to plaintiff's counsel outlining the defendant's proposed motions in limine and the bases therefore, and defense counsel has spoken on more than one occasion with plaintiff's counsel, Gary Casselman, in an attempt to obviate the necessity of bringing this motion. However, the parties were unable to agree upon a solution short of motion practice. See Declaration of L. Trevor Grimm, paragraph 2.

Dated: January 9, 2012

**MANNING & KASS  
ELLROD, RAMIREZ, TRESTOR LLP**

By:  /s/ *L. Trevor Grimm*  
L. TREVOR GRIMM  
Attorneys for Defendants  
COUNTY OF LOS ANGELES, CASEY CHESHIER, ADAM PRUITT and CHRISTINA MARTINEZ

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

At the first trial of this matter, two claims were pursued by the plaintiff: that he was the subject of an illegal stop and search and that he was subjected to excessive force during the course of that detention. The jury found for the defendant on both counts. This Court, in its order of July 5, 2011 (Docket No. 136), granted the plaintiff's motion for judgment as a matter of law as to the illegal stop and search claim and denied the plaintiff's motion for new trial as to the excessive force claim, thereby affirming the jury's verdict on the excessive force claim.

This Court, in its order of September 7, 2011 (Docket No. 145, at page 3), held that "a new trial is warranted on damages" on the plaintiff's claim that he was "injured during the detention and search." The new trial is to address the issue of whether the plaintiff is "entitled to compensatory and/or punitive damages as a result of the stop and search." In order to award punitive damages against Deputy Cheshier, the jury will have to determine whether Deputy Cheshier acted with malice, oppression or reckless disregard for the plaintiff's rights in regard to his detention of the plaintiff. *Ninth Circuit Model Jury Instructions, Instruction No. 5.5.*

Only if the jury finds that Deputy Cheshier did act with malice, oppression or reckless disregard will it need to address the issue of the proper amount of punitive damages to be awarded to the plaintiff for such conduct. In light of that, Deputy Cheshier should not have to litigate his financial condition in the same phase of the trial where compensatory damages and the issue of whether punitive damages are even appropriate are litigated, because it would be unfairly prejudicial and could potentially waste judicial resources and those of the parties and their attorneys.

///
///
///

**1. THE AMOUNT OF PUNITIVE DAMAGES SHOULD BE DECIDED, IF NECESSARY, IN A TRIAL SEPARATE FROM THAT ON THE ISSUES OF LIABILITY AND COMPENSATORY DAMAGES BECAUSE EVIDENCE OF DEFENDANTS' NET WORTH WOULD UNFAIRLY PREJUDICE THE JURY**

If the jury finds that Deputy Cheshier is liable for punitive damages, he has the option to choose to introduce evidence of his net worth, because net worth is relevant to the proper amount of punitive damages.

Defendants request that the Court conduct a separate trial, if necessary, on the issue of the amount of punitive damages. Although the defendants' net worth is relevant to the issue of the ***amount*** of punitive damages, it is not relevant to the issues of compensatory damages or liability for punitive damages. Additionally, such evidence would prejudice the defendant if the plaintiff is allowed to litigate his financial condition before the issues of compensatory damages and liability for punitive damages have been decided.

Recognizing the prejudice to the defendants, one court has said that:

> "Since it would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages, the preferred method of accommodating the various interests is to delay trial as to the amount of award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendants' conduct warrants any award of punitive damages at all. If the jury finds in favor of the claimant and all of these issues, the parties should then be allowed to present evidence with respect to the amount of the punitive damage award."

*Smith v. Lightening Bolt Production, Inc.,* 861 F.2d 363, 374 (2d Cir. 1988).

Further, Federal Rules of Evidence Rule 403 permits a court to exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

///

If Cheshier happens to own a home or some other significant asset, or earns what some of the jurors may consider a substantial sum of money, some of the jurors may be influenced by those circumstances, especially if the plaintiff happens to be less affluent than Deputy Cheshier. Bifurcating the issue of the amount of punitive damages to be awarded (if any) from the issues of compensatory damages and liability for punitive damages will avoid the possibility of this happening.

## 2. BIFURCATION OF THE AMOUNT OF PUNITIVE DAMAGES FURTHERS CONVENIENCE, EXPEDITION, AND JUDICIAL ECONOMY

Federal Rules of Civil Procedure Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." A district court has "broad discretion" to order separate trials under this rule. *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1517 (9th Cir. 1985).

Here, convenience, expedition, and economy are all furthered by conducting a separate, subsequent trial on the amount of punitive damages after a finding by the jury of the amount of compensatory damages to be awarded to the plaintiff (if any) and, if warranted, a finding the Deputy Cheshier acted with the requisite mental state to make an award of punitive damages appropriate.

Bifurcation may avoid the need to present evidence of financial net worth. If the jury does not find that Deputy Cheshier did not acted with the requisite intent, then no evidence related to the amount punitive damages would be necessary at all.

///
///
///
///

G:\docsdata\ltg\Cases\Owens\New Trial Docs\MIL #4.Punis.wpd

**3.   RELIEF REQUESTED**

Accordingly, defendant Cheshier respectfully requests that the Court bifurcate the following issues and have them tried in separate phases in the following order at trial: 1) the amount of compensatory damages (if any), and a finding by the jury of whether Casey Cheshier's actions satisfy the requisite intent under federal law; and 2) the amount of punitive damages (if any). Further, he requests that the Court order plaintiff and plaintiff's counsel not to inquire about, or comment upon, the amount of money Deputy Cheshier earns from whatever source, or what assets he may own, until and unless the jury finds that punitive damages should be assessed against him.

Dated: January 9, 2012

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTOR LLP**

By:  /s/ *L. Trevor Grimm*
L. TREVOR GRIMM
Attorneys for Defendants
COUNTY OF LOS ANGELES, CASEY CHESHIER, ADAM PRUITT and CHRISTINA MARTINEZ

G:\docsdata\ltg\Cases\Owens\New Trial Docs\MIL #4.Punis.wpd

## DECLARATION OF L. TREVOR GRIMM

I, L. Trevor Grimm, declare as follows:

1. I am an attorney at law, admitted to practice before all courts of the State of California, the United States District Court for the Central District of California, and the Ninth Circuit Court of Appeals. I am a partner at Manning & Kass, Ellrod, Ramirez, Trestor LLP, attorneys of record for defendant CASEY CHESHIER herein. I have personal knowledge as to the truth of the following facts, except those set forth on information and belief, and as to those facts I believe them to be true. If called as a witness, I could and would competently testify to the following.

2. Since the Court's order of September 7, 2011, I have communicated extensively with plaintiff's counsel, Mr. Casselman, both telephonically and via email correspondence, about the defendant's proposed motions in limine, including this one, and the bases therefor. The communications ranged from months ago through this week. The reason for those communications was, among other things, to attempt to obviate the necessity of bringing this motion. However, the parties were unable to agree upon a solution short of motion practice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 9th day of January, 2012, at Los Angeles, California.

/s/ *L. Trevor Grimm*
L. TREVOR GRIMM