UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 08-7116-DMG (Ex)** | Date | January 30, 2012 |
|---|---|---|---|

| Title | *Owens v. County of Los Angeles, et al.* | Page | 1 of 6 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  ORDER ON MOTIONS *IN LIMINE* [Doc. ## 159, 160, 162, 163, 165, 166, and 167]**

On January 9, 2012, Defendant Casey Cheshier filed the following motions *in limine*:

1. To exclude evidence that Plaintiff was kicked by Deputy Cheshier [Doc. # 159];
2. To exclude evidence that plaintiff suffered injury to his knee in this incident [Doc. # 160];
3. To exclude medical evidence not disclosed during the first trial and evidence of plaintiff's physical and mental condition since his testimony at the first trial [Doc. # 162]; and
4. To bifurcate punitive damage phase [Doc. # 163].

On January 9 and 10, 2012, Plaintiff James Owens filed the following motions *in limine*:

1. To exclude audio recordings, transcripts thereof and *sub rosa* video recordings of plaintiff [Doc. # 165];
2. To exclude internal reports, memoranda and related documents [Doc. # 167]; and
3. To exclude evidence, argument or testimony about the purported justification for plaintiff's detention based upon the nature of the neighborhood, gangs or report of "suspicious males" [Doc. # 166].

I.

**DEFENDANT'S MOTIONS *IN LIMINE* NOS. 1 AND 2 TO EXCLUDE EVIDENCE THAT PLAINTIFF WAS KICKED BY DEPUTY CHESHIER AND THAT PLAINTIFF SUFFERED INJURY TO HIS KNEE**

In his first motion, Defendant contends that because the jury in the first trial found for Defendant on the excessive force claim, it necessarily concluded that the force he used in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 08-7116-DMG (Ex)** | Date | January 30, 2012 |
| Title | *Owens v. County of Los Angeles, et al.* | Page | 2 of 6 |

course of the detention was not excessive. According to Defendant, because the jury found that the force used was not excessive, and because Cheshier testified that kicking Plaintiff would have been out of policy, the jury must have concluded that Chesier did not kick Plaintiff.

Likewise, in his second motion, Defendant contends that because the jury in the first trial found for the Defendant on the excessive force claim, and because, as contended in the first motion, the jury must have concluded that Cheshier did not kick Plaintiff, Plaintiff should not be permitted to offer any evidence that he suffered a knee injury.

Defendant attempts to reduce the factual scenario presented to the jury in the first trial to very simplistic terms. This Court cannot, by dissecting portions of the language used in testimony, conclude what facts the jury necessarily found or did not find with regard to the physical contact between Defendant Cheshier and Plaintiff. The jury could have arrived at its verdict through a variety of avenues, including that Defendant Cheshier's physical contact with Plaintiff, however minor, was not unreasonable within the context of the negligence standard—a different standard than that to be applied here. The nature and scope of Defendant's physical contact with Plaintiff, if any, is a triable issue of fact.

Accordingly, Defendant's motions *in limine* nos. 1 and 2 are DENIED.

**II.**

**DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE MEDICAL EVIDENCE NOT DISCLOSED IN DISCOVERY OR DURING THE FIRST TRIAL AND EVIDENCE OF PLAINTIFF'S PHYSICAL AND MENTAL CONDITION SINCE THE FIRST TRIAL**

Defense counsel has been advised that Plaintiff intends to offer evidence regarding his physical and mental condition since the first trial and new medical witnesses and evidence regarding plaintiff's injuries. Defendant contends this should be excluded pursuant to Fed. R. Evid. 403 because it would be highly unfair and prejudicial as Defendant is denied any discovery on this new evidence.

"If a new trial is granted, the district court has broad discretion in its control and management of the new trial. Decisions respecting the admission of additional witnesses and proof should be guided by considerations of fairness and justice to all parties." 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2803 (2d ed. 1995). "[I]f the trial court perceives in limiting evidentiary proof in a new trial, a manifest injustice, to one side or the other, the court must retain broad latitude and may with proper notice allow additional witnesses

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk VV |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 08-7116-DMG (Ex) | Date | January 30, 2012 |
|---|---|---|---|
| Title | *Owens v. County of Los Angeles, et al.* | Page | 3 of 6 |

and relevant proof." *Cleveland v. Piper Aircraft Corporation*, 985 F.2d 1438, 1450 (10th Cir. 1993). After careful consideration of the record herein and in fairness to the parties, the Court has determined that Plaintiff's post-trial orthopedists and mental health professional should be allowed to testify on the condition that Plaintiff makes such witnesses available for deposition by Defendant.

Accordingly, Defendant's motion *in limine* no. 3 is DENIED, on the condition that Plaintiff makes such medical witnesses available for deposition by Defendant.

### III.

### DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO BIFURCATE ISSUES AT TRIAL

By this motion, Defendant seeks to bifurcate the trial such that the first phase would cover liability, compensatory damages, and the issue of entitlement to punitive damages, whereas the second phase would cover the amount of punitive damages. The Court agrees that evidence of Officer Cheshier's net worth, while relevant to the amount of punitive damages, would be prejudicial if introduced while the issues of liability and compensatory damages are before the jury. Accordingly, Defendant's motion *in limine* no. 4 is GRANTED.

### IV.

### PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE AUDIO RECORDINGS, TRANSCRIPTS THEREOF AND *SUB ROSA* VIDEO RECORDINGS OF PLAINTIFF

By this motion, Plaintiff seeks to exclude the (1) audio recordings and transcripts of conversations of Plaintiff and Nancy English with Det. Valencia and Lt. Bearse; (2) *sub rosa* videos recorded on September 4, 2010 showing Plaintiff at a carwash and at a recycling center; and (3) audio recording and transcript of an anonymous call to the Lennox Sheriff's station of "suspicious males."

    **1.**    **Audio Recording and Transcript of Conversations of Plaintiff and Nancy English with Det. Valencia and Lt. Bearse**

Plaintiff contends that these audio recordings and transcripts were not timely provided during discovery and, therefore, should be excluded pursuant to Fed. R. Civ. P. 37(c)(1). Defendant responds that the failure to disclose was harmless and that disclosure of these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 08-7116-DMG (Ex)** | Date | January 30, 2012 |
|---|---|---|---|

| Title | *Owens v. County of Los Angeles, et al.* | Page | 4 of 6 |
|---|---|---|---|

materials prior to the first trial effectively amended his Rule 26 disclosures. Moreover, Defendant points out that Plaintiff does not claim any prejudice.

Plaintiff also claims that the recording of these conversations violated California Penal Code § 632, which prohibits recording of confidential communications without consent. Defendant responds that these were not "confidential communications," as neither Plaintiff nor English could have reasonably expected that their telephone conversations with police officers would not be recorded. More importantly, although not mentioned by either party, the Court already addressed this issue during the first trial. As the Court informed the parties at that time, because this action arises under federal law, "evidence obtained from a consensual wiretap conforming to 18 U.S.C. § 2511(2)(c) is admissible . . . without regard to state law." *United States v. Adams*, 694 F.2d 200, 201 (9th Cir. 1982).[1]

Defendant correctly points out that Plaintiff has now been in possession of these audio recordings and transcripts for several months. Plaintiff has not, however, been permitted to conduct any discovery during that time. As such, in light of the record herein and in the interests of fairness to both parties, the Court finds that these audio recordings and transcripts should not be excluded on the condition that Plaintiff is allowed to conduct such discovery as to those recordings and transcripts solely to the extent necessary and relevant to the issue of damages in the new trial.

Accordingly, the motion to exclude the audio recordings and transcripts of conversations of plaintiff and Nancy English with Det. Valencia and Lt. Bearse is DENIED. Discovery is reopened for the limited purpose of allowing Plaintiff to conduct discovery regarding these audio recordings and transcripts.

2. *Sub Rosa* **Video Recordings on September 4, 2010 of Plaintiff at a Carwash and at a Recycling Center**

Plaintiff contends that these video recordings were not timely provided during discovery and, therefore, should be excluded pursuant to Fed. R. Civ. P. 37(c)(1). As with the audio recordings, Defendant contends his failure to disclose was harmless and that Defendant's disclosure of these video recordings during the first trial effectively amended his Rule 26 disclosures.

---

[1] Pursuant to 18 U.S.C. § 2511(2)(c), "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 08-7116-DMG (Ex) | Date | January 30, 2012 |
|---|---|---|---|

| Title | *Owens v. County of Los Angeles, et al.* | Page | 5 of 6 |
|---|---|---|---|

Plaintiff also claims that this video recording should be excluded as impermissible impeachment evidence pursuant to Fed. R. Evid. 608(b), which provides as follows:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than a conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness. . . .

In his brief, Defendant asserts that he will not be using the video recordings for impeachment purposes. Instead, he intends to use them to respond to Plaintiff's claim regarding the extent and seriousness of his injury. These video recordings, however, are not included in the pretrial exhibit stipulation [Doc. # 164] filed January 9, 2012 and no joint exhibit list has been filed. Pursuant to Fed. R. Civ. P. 26(a)(3), Defendant was required to identify his trial exhibits as part of his pretrial disclosures. Failure to do so results in the exclusion of the evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). At the hearing, Defendant's counsel stated that the failure to list the video recordings on the pretrial exhibit stipulation was merely an oversight and caused Plaintiff no harm. Indeed, when asked at the hearing, Plaintiff's counsel was hard pressed to identify any harm resulting from the failure to identify the recordings on the pretrial exhibit list.

Accordingly, the Court permits Defendant to amend his exhibit list and pretrial exhibit stipulation to include the video recording, provided that Defendant produces a full copy of the video recording to Plaintiff, who shall be permitted to conduct discovery regarding its creation.

### 3. Audio Recording and Transcript of Anonymous Call Regarding "Suspicious Males"

Plaintiff contends that the audio recording and transcript of the anonymous telephone call to the Lennox Sheriff's station of "suspicious males" is no longer relevant because there has already been a determination that the detention and search of Plaintiff were unlawful. Such evidence, however, is probative of Defendant's intent at the time of Plaintiff's detention, which is relevant to Plaintiff's entitlement to punitive damages.

Accordingly the motion to exclude the audio recording and transcript of the anonymous call regarding "suspicious males" is DENIED.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk VV |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 08-7116-DMG (Ex) | Date | January 30, 2012 |
|---|---|---|---|
| Title | *Owens v. County of Los Angeles, et al.* | Page | 6 of 6 |

### V.

### PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE INTERNAL REPORTS, MEMORANDA AND RELATED DOCUMENTS

Plaintiff moves to exclude police reports and memoranda authored by Officers Cheshier, Pruitt and Martinez and any internal administrative reports or documents prepared in relation to the subject incident by the Los Angeles County Sheriff's Department or any employees of the County as inadmissible hearsay that does not fall within the business records exception. In opposition, defendant contends the said reports and memoranda fall within the public records exception to hearsay. Fed. R. Evid. 803(8). Although generally a police report based on the police officer's own observations and knowledge may be admissible as a public record, if the report reflects both matters personally observed and hearsay statements by third persons, only the former are admissible under Fed. R. Evid. 803(8). Robert E. Jones, et al., *Rutter Group Practice Guide: Federal Civil Trials & Evidence,* 8:2822, 8:2830 (2011).

Because Plaintiff does not provide the Court with those portions of the reports and/or memoranda which he challenges, the Court is unable to determine admissibility at this time. As such, this motion is DENIED without prejudice.

### VI.

### PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE ABOUT THE PURPORTED JUSTIFICATION FOR PLAINTIFF'S DETENTION BASED UPON THE NATURE OF THE NEIGHBORHOOD, GANGS OR REPORT OF "SUSPICIOUS MALES"

Plaintiff seeks to exclude evidence or reference to Plaintiff's neighborhood as "high crime," and "gang infested" or the report about presence of "suspicious males," on the basis that justification for the detention of Plaintiff is no longer in issue and, therefore, this evidence is more prejudicial than probative. However, as Defendant points out, such evidence is probative of Defendant's intent at the time of Plaintiff's detention, which is relevant to Plaintiff's entitlement to punitive damages.

Accordingly, Plaintiff's Motion *in Limine* No. 3 is DENIED.

IT IS SO ORDERED.