L. TREVOR GRIMM, ESQ.
State Bar No. 186801
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Email: ltg@manning.com

Attorneys for Defendant
CASEY CHESHIER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES "JIM" OWENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COUNTY OF LOS ANGELES, et al., ) <br> ) <br> Defendants ) <br> ) | CASE NO: CV08-07116 DMG (Ex) <br><br> **DEFENDANT'S RESPONSE TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S PROPOSED STATEMENT OF THE CASE** <br><br> Trial Date:   September 18, 2012 |

1.  **NOT ADVISING THE JURY OF THE FINDING THAT THE FORCE USED BY DEPUTY CHESHIER WAS NOT EXCESSIVE WOULD BE THE UNDULY PREJUDICIAL ACT**

There is no justification for the plaintiff's demand that the decision of the jury at the first trial of this matter on the issue of excessive force be hidden from the new jury that will hear the second trial. This Court should reject this blatant attempt by the plaintiff to undo the work of that first jury in the hope of giving the plaintiff a "second bite" of the excessive force "apple".

The real purpose of plaintiff's opposition to the defendant's simple and neutral

statement of the decision reached by the jury at the first trial – "It also has been determined as a matter of law that Deputy Cheshier did not violate Mr. Owen's rights by using excessive force when he physically contacted Mr. Owens during the detention and search." (Defendant's Proposed Case Statement [Docket 213], page 1, lines 26-28) – is revealed in a sentence appearing on page 5 of the plaintiff's opposition, at lines 12-15:

> "This sort of information would make any reasonable person, other than an expert on the law of excessive force, assume that the conduct of the defendant, though perhaps unconstitutional, was non violent, perhaps even inconsequential and infer that it was unlikely to cause a serious injury."

Instead, the plaintiff wants to have the jurors to make the opposite assumption: i.e. that since the actions of Deputy Cheshier were "unconstitutional", his actions must have been violent, consequential, and thus likely to have caused serious injury, exactly as the plaintiff has testified.

The plaintiff cannot have his cake and eat it too. He cannot insist that the jury be told that, as a matter of law, Deputy Cheshier acted unconstitutionally, and then hide from the new jury that, as a matter of established fact, the force Deputy Cheshier used during that unconstitutional conduct did not rise to the level of excessive force.

The sentence from plaintiff's opposition quoted above indicates that the plaintiff wants to avoid having to meet his burden of proof. The defendant has no burden to show that his actions during the course of his detention and search of the plaintiff did not cause the plaintiff injury. Rather, it is up to the plaintiff to establish, by a preponderance of the evidence, what actions Deputy Cheshier engaged in during the course of his detention and search of the plaintiff and to establish that *those* actions caused the plaintiff to suffer the injuries of which he now complains.

In other words, it is the plaintiff's burden to show that the defendant's actions were, in fact, violent, consequential, and likely to cause serious injury. Until – **and unless** – the plaintiff introduces sufficient evidence to meet that burden, it is not only appropriate, but mandatory, that the jurors assume that Deputy Cheshier's actions were indeed "non

violent, ... inconsequential and ... unlikely to cause a serious injury."

**2.    ADVISING THE JURY OF THE FINDING THAT THE FORCE USED BY DEPUTY CHESHIER WAS NOT EXCESSIVE WILL NOT CONFUSE THE JURORS OR THE ISSUES,**

Contrary to the plaintiff's assertion (made without any factual support), there is absolutely no reason to believe that advising the jury of the simple fact that it has previously been determined that Deputy Cheshier did not use excess force will in any way confuse the jurors or the issues. To the contrary, such an instruction will eliminate from the jurors' minds any thought they might have that they need to decide whether the level of force used by Deputy Cheshier was lawful. The jurors will thus be able to focus on the very simple, straight-forward question that is actually at issue in this second trial: did the manner in which Deputy Cheshier conducted the detention and search of the plaintiff cause the plaintiff to suffer the injuries of which he now complains?

**3.    THE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES MAKES IT ESSENTIAL THAT THE JURY BE ADVISED OF THE FINDING THAT THE FORCE USED BY DEPUTY CHESHIER WAS NOT EXCESSIVE**

Because the plaintiff intends to seek punitive damages against Deputy Cheshier for his conduct in this incident, it is absolutely essential that the jury be told that it has been found that the force used by Deputy Cheshier was not excessive. It must be clear to the jury that it cannot assess punitive damages against Deputy Cheshier based on the fact that he used some level of force during the detention and search of the plaintiff. or based on the amount of force he used during the detention and search. This is because it has been established that the forced used was not excessive. Since it was not excessive, it cannot form the basis for an award of punitive damages.

///

But if this is not explained to the jury, there is a distinct possibility that one or more of the jurors may decide that the use of force *is* a basis for awarding punitive damages against Deputy Cheshier. That can only be prevented if the jury is advised as the defendant has requested.

## CONCLUSION

For all these reasons, it is essential that the jury be advised, as requested by the defendant, that "[i]t also has been determined as a matter of law that Deputy Cheshier did not violate Mr. Owen's rights by using excessive force when he physically contacted Mr. Owens during the detention and search." (Defendant's Proposed Case Statement [Docket 213], page 1, lines 26-28.)

Dated: September 14, 2012

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ L. Trevor Grimm*
L. TREVOR GRIMM
Attorneys for Defendant
CASEY CHESIER